U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

_Judiciary Center_
_555 Fourth St., N.W_
_Washington, D.C  20530_

June 11, 2007

**VIA FACSIMILE TRANSMISSION**

Leslie McAdoo, Esq.
1140 19th Street, N.W.
Suite 602
Washington, D.C. 20036

**FILED**

JUN 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

      Re:    **United States v. Jerry Jeffries**
               *Magistrate No. 07-MJ-238(AK)*

Dear Ms. McAdoo:

      This letter sets forth the full and complete plea offer to your client, Jerry Jeffries, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

      1.    Your client agrees to plead guilty to Counts 2 and 3 of a pending Information, charging Taking Property Without Right ("TPWR"), in violation of 22 D.C. Code § 3216, and Misdemeanor Fraud in the Second Degree, in violation of 22 D.C. Code §§ 3221(b), 3222(b)(2).

      2.    Your client understands that pursuant to 22 D.C. Code § 3216, the offense of TPWR carries a term of imprisonment of not more than 90 days, a fine of not more than $300, or both. Further, pursuant to 22 D.C. Code § 3222(b)(2), the offense of Fraud in the Second Degree carries a term of imprisonment of not more than 180 days, a fine of not more than $1,000, or both.

      3.    Your client agrees to pay restitution in the amount of $1110.01 to the United States in this case.

4.     In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached "Statement of the Offense," and agrees, at the time of sentencing, to dismiss Count 1 of the pending Information.  Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

**Factual Stipulations**

5.     Your client shall agree that the Statement of the Offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

**Agreement as to Sentencing Allocution**

6.     The government agrees not to oppose the imposition of probation in this case, as long as your client has no prior criminal convictions in any jurisdiction.  In the event that your client does have prior criminal convictions, the parties are free to allocute.

**Court Not Bound by the Plea Agreement**

7.     It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B),  the Court is not bound by the above stipulations, either as to questions of fact or the parties' agreement regarding an appropriate sentence.

8.     Further, it is understood that the sentence to be imposed upon your client is determined solely by the Court.  Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence.  The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.  Your client understands and agrees that  your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed.

**Breach of Agreement**

9.     Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement.  In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the

Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

10. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

11. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

12. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Constitutional and Statutory Rights

13. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Waiver of Statute of Limitations

14. It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement

and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Complete Agreement**

15. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

16. Your client further understands that this Agreement is binding only upon the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

17. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *[signature]*
Donnell W. Turner
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4235
Washington, D.C. 20530
(202) 305-1419

## DEFENDANT'S ACCEPTANCE

I have read all <u>4</u> pages of the foregoing plea agreement and have discussed it with my attorney, Leslie McAdoo, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6/11/07

Jerry Jeffries
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the <u>4</u> pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/11/07

Leslie McAdoo, Esquire
Attorney for the Defendant