UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JERRY JEFFRIES,

Defendant.

Magistrate No. 07-238 (AK)

**FILED**

JUN 11 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF THE OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Jerry Jeffries, hereby submits this Statement of the Offense in support of the Defendant's guilty plea to Counts 2 and 3 of the pending Information in this case. The essential elements of the offense of Taking Property Without Right ("TPWR") (Count 2), in violation of 22 D.C. Code § 3216, each of which the Government must prove beyond a reasonable doubt, are:

1. That the Defendant, while employed by the U.S. Department of Labor, took and carried away property belonging to the United States;

2. That at the time the Defendant took and carried away such property, the Defendant did not have permission or authorization to do so; and

3. That the Defendant's taking of such property thereby permanently deprived the United States of its rightful claim to such property.

With regard to the offense of TPWR, had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that the Defendant was a former employee of the Department of Labor who worked in the Information Technology ("IT") Department of the Office of the Chief Financial Officer. In this capacity, the Defendant was responsible for all IT, IT compliance, and network connectivity within the Office of the Chief Financial Officer. As such, the

Defendant had virtually unfettered access to, *inter alia*, all computer hardware and software in the office.

On or about September 6, 2006, agents of DOL's Office of Inspector General ("OIG"), obtained the eBay transactions of the Defendant. Agents learned that the Defendant, while using the e-mail address jeffries.jay@direcway.com, and the user ID "prpband," had auctioned off numerous computer hardware items, including laptop computers, hard drives, and memory chips. On or about February 12, 2007, the Defendant was interviewed by OIG agents, during which he admitted that he sold three computers on eBay which he had taken and obtained from DOL, including a Sony Vaio, an Acer Tablet, and a Toshiba Satellite. According to the Defendant, he had obtained verbal permission from his supervisor to take the first computer, but acknowledges that he did not obtain permission to take the remaining two computers. Records from eBay reflect that, on or about March 25, 2006, the Defendant sold an Acer Tablet Notebook computer for $432.77. At the time the Defendant took and sold the Acer Tablet computer on eBay, he knew that it was the property of the government, he further knew that he had not received permission to take the computer, and he knew that by taking the computer he was permanently depriving the United States of its rightful claim to possession of the computer.

The essential elements of Fraud in the Second Degree (Count 3), in violation of 22 D.C. Code §§ 3221(b), 3222(b)(2), each of which the Government must prove beyond a reasonable doubt, are:

1. That the Defendant engaged in a scheme and systematic course of conduct with the intent to defraud and to obtain property of the United States;

2. That the Defendant engaged in such a scheme and course of conduct by means of a false or fraudulent pretense, representation, and promise; and

3. That the Defendant, by engaging in such a scheme and course of conduct, thereby did obtain property of value belonging to the United States.

Regarding the offense of Fraud in the Second Degree, the Government was prepared to prove beyond a reasonable doubt at trial that the U.S. Department of Labor ("DOL") provides Washington Metropolitan Area Transit Authority ("WMATA") Transit Cards ("transit cards" or "transit subsidies") to its employees who use public transportation as their primary means of commuting to and from work. In order to qualify, ("DOL") employees must use a mass transit system or commuter highway vehicle that is a member of WMATA's Federal Metro pool program, as their normal method of commuting to and from work. Under the program, transit cards can be used on Metro rail, or they can be exchanged for MARC commuter train tickets, Virginia Railway Express ("VRE") tickets, and various commuter bus tickets. DOL employees who wished to receive transit subsidies were required to submit a DOL Application for Transit Subsidy, in which they certified, by signature, to the following:

> I hereby certify that I am . . . eligible for a [transit subsidy], will be using it for my regular and recurring means of commuting for all or part of my commute to and from work, <u>and will not transfer this subsidy to anyone else</u>.

Further, once DOL employees were approved to receive transit subsidies and upon receipt of their transit cards, they were required to sign a Transit Subsidy System Signature List to re-certify that they continued to meet eligibility requirements.

On or about December 24, 2005, the Defendant, while employed by DOL's Office of the Chief Financial Officer, submitted an Application for Transit Subsidy, in order to receive monthly transit subsidies. In his application, the Defendant indicated that his current mode of transportation

was "Commuter Rail (MARC, VRE Rail)," and that the anticipated cost of his monthly transportation using public transportation was "$227." The Defendant also signed the application, thus certifying that the information contained therein was true. On or about January 14, 2005, the Defendant was approved to receive transit subsidies and, consequently, he began receiving them on a monthly basis. Further, each month thereafter, upon his receipt of transit cards valued at approximately $100 each, the Defendant signed for the cards and thus re-certified that he remained eligible to receive them.

On or about September 6, 2006, agents of OIG began an investigation into whether the Defendant had been selling transit subsidies on eBay while employed by DOL, as a result of information they received from the Government Accounting Office, which had conducted an audit of the federal government's transit subsidy program. During the investigation, OIG agents reviewed the Defendants' signed Application for Transit Subsidy. In addition, agents obtained Transit Subsidy System Signature Lists for the months of September through November 2005, and January and February 2006, each of which the Defendant had signed twice, signifying that he had received the transit subsidies for personal use in those months. Further, agents obtained eBay records which reflected that during the period between in or around September 2005, through September 2006, the Defendant, using the e-mail address jeffries.jay@direcway.com, and the user ID "prpband," had sold approximately 8 transit cards on eBay. The transit cards, which face-valued at $980, were sold on eBay for a total of $721.09.

Moreover, on or about September 8, 2006, OIG agents interviewed an employee of DOL, who provided information that, in or about July 2005, he moved to Fredericksburg, Virginia, and quickly thereafter was approached by the Defendant, who lived nearby, about carpooling to work.

According to the employee, in or about November 2005, he and the Defendant began carpooling to work in the District of Columbia and continued to do so until the Defendant left his employ with DOL in or about February 2006. The employee also stated that the Defendant normally commuted to work at DOL by catching a ride at a commuter lot in Virginia and begging a ride home with a co-worker.

On or about February 12, 2007, the Defendant was interviewed by OIG agents regarding his participation in the government's transit subsidy program and his activities on eBay. During the interview, the Defendant orally admitted to selling his transit cards. Further, the Defendant provided a written statement in which he acknowledged that he signed for and received transit cards from DOL, and admitted that he eventually and over a period of time sold them on eBay and used the proceeds from the sales to pay for the cost of gas from driving to and from work. The Defendant admitted that he made approximately $700 selling transit subsidies on eBay.

The Defendant engaged in a scheme and systematic course of conduct with the intent to defraud and to obtain transit subsidies, which were the property of the United States, by falsely certifying, on approximately eight occasions during the period between on or about September 2005 and on or about September 2006, that he intended to use the subsidies in conformance with the transit subsidy program requirements, although at the time he made such certifications he knew that he intended to sell the subsidies on eBay.

This Statement of the Offense is a summary of the Defendant's participation in the offenses of Taking Property Without Right, in violation of 22 D.C. Code § 3216, and Fraud in the Second Degree, in violation of 22 D.C. Code §§ 3221(b), 3222(b)(2), and is not intended to be a complete accounting of all facts and events related to the offenses. The limited purpose of this Statement of

the Offense is to demonstrate that a factual basis exists to support the Defendant's guilty plea in this case.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        United States Attorney

By:    _____
           Donnell W. Turner
           Assistant United States Attorney
           Maryland Bar
           United States Attorney's Office
           555 Fourth Street, N.W., Room 4235
           Washington, D.C. 20530
           (202) 305-1419

**DEFENDANT'S ACKNOWLEDGMENT**

I have read the above 6-page factual proffer and have discussed it with my attorney, Leslie McAdoo, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 6/11/07

Jerry Jeffries
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 6/11/07

Leslie McAdoo, Esq.
Attorney for Defendant