UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Case No. 1:07mj00238 |
| ) | |
| JERRY JEFFRIES ) | |
| _____ ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Fed.R.Crim.P. 32, the Defendant, Jerry Jeffries, through counsel, respectfully submits the following information in aid of sentencing.

I.  Introduction

Jerry Jeffries stands before the court having plead guilty to taking without right laptop computers belonging to the United States, and to fraudulently obtaining Metropolitan Area Transit Authority Transit Cards (Metro Transit Cards) from the United States. Mr. Jeffries was an employee of the United States at the times of these offenses, either of the Department of Labor (DOL) or of the Executive Office of the President of the United States (EOP). The offenses of conviction are District of Columbia misdemeanor offenses.

Mr. Jeffries has no prior criminal history of any kind – he is a true first offender. As explained below, the conduct giving rise to these charges is aberrational for him.

II.   **Offense Conduct**

Mr. Jeffries does not dispute that he sold Metro checks and government owned laptops on ebay. He admitted this conduct during his interview with agents of the DOL Office of Inspector General (OIG) as reflected in the written statement that he provided them. *See* statement attached as Exhibit 1.[1] Mr. Jeffries has also admitted his conduct - and accepted responsibility for it - in this matter by voluntarily pleading guilty. Mr. Jeffries does not dispute that his conduct violated the law. However, the degree of his culpability is somewhat mitigated by the specific circumstances of the offenses and is relevant for his sentencing.

To address the specifics: Regarding the Metro checks, Mr. Jeffries properly used Metro checks to commute to work by Virginia Railway Express (VRE) or Metro for most of his tenure at DOL. He was eligible for them when he originally applied for the benefit at DOL, for both Metro and VRE use. In August 2006, he began car pooling to work instead. He continued to receive the Metro checks from DOL, erroneously believing that carpooling was a permitted use of the Metro checks program as long as he used the proceeds from the sales of the Metro checks to offset

---

[1] The defense notes that Mr. Jeffries was not properly advised of his rights pursuant to Garrity v. New Jersey. 385 U.S. 493 (1967) in this case and that his statements (written and oral) to the OIG agents would likely not have been admissible had this matter gone to trial. As an employee of the United States, Mr. Jeffries was entitled to be informed as to whether the information he provided in response to questioning by the agents would be used against him administratively (for discipline) or criminally. As this matter is before the court for sentencing, the defense does not raise this issue as a legal one; that is, the defense concedes the Court may use the statement as part of its sentencing determination. Rather the defense brings this issue to the Court's attention to illustrate that Mr. Jeffries co-operated with the agents and that he promptly took responsibility for his actions and demonstrated remorse, both of which are reflected in the statement, despite *not* being assured that the inquiry was purely disciplinary rather than criminal in nature.

his car pooling expenses. Mr. Jeffries mistakenly believed that the Metro checks program applied as long as he did not commute to DOL or EOP in his single-occupancy car, which he never did. After joining EOP, Mr. Jeffries resumed taking the VRE to work from February 2006 to April 2006, and then in April 2006, he joined another carpool of EOP employees after he had gotten to know people in the office. He participated in that carpool through February 2007. Mr. Jeffries used the proceeds of the sale of the Metro checks to fund his contributions for gasoline to the carpools.

In fact the DOL and EOP transit subsidy programs do not permit the use of the Metro checks to fund carpools; they are only applicable to mass transit use. Mr. Jeffries did not recall signing the original application for the program or the language on the application explaining the limitations of the program when he was shown the application by the OIG agents. He did not, and does not, deny that it carries his signature, however. He did point out that it was one of a number of documents he signed on the day he processed in for federal employment and that he did not specifically recall it or its terms. Mr. Jeffries did sign monthly signature pages upon receipt of the Metro checks. While the transit subsidy program requires these signatures as a means of "re-certifying" that the employee is eligible for the Metro checks, the pages themselves do not say on them anywhere that the employee is "re-certifying" that he remains eligible to receive the Metro checks. *See* copy of Signature Pages attached as Exhibit 2. Mr. Jeffries believed that by signing every month he was acknowledging that he had received the Metro checks, which he

thought was an auditing measure of the subsidy program. Mr. Jeffries does not deny that the Metro checks themselves state that they are not to be resold. He did not notice or focus on this limitation on their use, however, and at the time he sold the Metro checks on ebay, he knew of several other federal employees who were also selling them, which lulled him into a false sense of security about this conduct. In sum, Mr. Jeffries concedes that the selling of the Metro checks was a violation of the transit subsidy program of which he had notice, and that he failed to comply with the limitations of the program even though sources available to him would have made the limitations clear to him had he re-consulted them or been more careful in examining the checks themselves. As such, he takes responsibility for his conduct in misusing the transit subsidy program. He asks the Court to consider the above circumstances as mitigating factors in fashioning an appropriate sentence, however.

Turning to the taking of the laptops, the following information is relevant to sentencing. While at DOL, Mr. Jeffries was one of the employees tasked with disposing of laptop computers that were being replaced with newer models. The old laptops were being "surplused," meaning they were being auctioned or donated to schools, etc. One laptop in particular was so badly damaged, however, that it was not a candidate for surplus, and was instead going to be disposed of as "waste". Mr. Jeffries asked his supervisor if he could take the computer home instead. As it was totally non-functional at the time, the supervisor agreed that Mr. Jeffries could have the laptop. Several months later, Mr. Jeffries – using replacement parts and performing rehabilitative work on the laptop – was able to get the laptop

functioning again. He then used it for his personal use for several months and later sold it on ebay. Two other laptops, out of the hundreds at least that he handled as surplus, were also so damaged that they could not be recycled as surplus, but rather could only be considered waste. The first had been completely shorted out by having a cup of coffee spilled into it, and the second had a cracked screen. Mr. Jeffries was able to repair the one laptop so that if functioned again, but he sold the cracked laptop on ebay "as is," after ascertaining that it could not be repaired.

    Mr. Jeffries believed that the three laptops were "waste" and he knew he had his supervisor's express approval to take the first. It is clear from his statement to the OIG agents that he knew the difference between taking a "surplus" laptop and one destined for destruction as "waste", and that he had no intention to take anything from the federal government that he believed the government still valued, even in a "surplus" capacity. However, neither Mr. Jeffries nor his supervisor properly documented the three laptops as "waste" pursuant to the regulations promulgated by GSA, and Mr. Jeffries did not obtain permission from the supervisor to take the last two laptops. Thus, Mr. Jeffries concedes that his taking of the laptops was in fact without right and in derogation of the rights of the United States. He respectfully asks, however, that the Court consider the circumstances under which he did so in mitigation as part of its sentencing decision.

### III. Mr. Jeffries' Background, Character and Employment

Mr. Jeffries is 41 years old. He has been married – his second marriage - for almost 9 years. He has a son who is 13 years old from his first marriage, a son who is 22 months old, and stepson who is 20 years old. Mr. Jeffries has legal and physical custody of his teen-age son as his first wife has been deemed unfit to care for their son due to mental health issues. Mr. Jeffries does not consume alcohol excessively or use illegal drugs. Mr. Jeffries is a devoted husband, father and son. As is reflected in the PSR, he is currently faced with the serious illnesses of his wife and father in addition to his responsibilities to his sons.

Mr. Jeffries was born in Clifton Forge, Virginia. He attended Alleghany High School, graduating in 1985. He enlisted in the United States Army following his high school graduation. Mr. Jeffries received a Bachelor of Science Degree in Computer Networking in September 2006, and has completed coursework necessary for a teaching certificate from Shenandoah University. Mr. Jeffries' wife, Teresa, is employed by Spotsylvania County, Virginia as a computer technician.

After spending nearly twenty years in the information technology field, Mr. Jeffries felt he was called to become a teacher after he was assigned to teach a course as part of his duties in the U.S. Army in his most recent call-up to active duty as a result of the war in Iraq. Thus, upon returning to civilian life, he went back to school full time, while still working full time, in order to work towards his goal of teaching. He had planned to resign his position with EOP in order to begin

6

teaching full time in fall 2007. However, as a result of the allegations in this case, Mr. Jeffries resigned his employment with EOP in March 2007, much earlier in 2007 than he had anticipated doing so. His early resignation resulted in his unemployment and/or underemployment for much of 2007 and has greatly affected his family's financial situation as is reflected in the PSR.

Mr. Jeffries has now completed the necessary coursework and other requirements to be licensed to teach. The resolution of this matter is the only thing presently needed for him to obtain his teaching license. It is the defense's understanding from consultation with counsel for the teacher's association that the charges and any sentence that could be imposed by the court in this matter will not <u>automatically</u> disqualify Mr. Jeffries from obtaining his teaching license. However, the licensing board has some discretion in licensing and thus the resolution of this matter was necessary before Mr. Jeffries formally applies for a license to teach. Thus, he has continued to substitute teach, while awaiting the resolution of this matter, which he will then be able to fully explain to the licensing authorities.

## IV.  Conclusion

In sum, Mr. Jeffries is a fundamentally good and decent person who made some mistakes that have resulted in the charges in this case. He deeply regrets those mistakes and has taken responsibility for them. Taking into account all of the relevant circumstances, the defense respectfully submits that a sentence of a fixed amount of restitution and no more than six months probation is appropriate in this

case. If the Court is inclined to order a longer period of probation, the defense respectfully requests that the probation be unsupervised, as Mr. Jeffries presents a very low risk of noncompliance with the conditions of probation.

Respectfully submitted,

/s/ Leslie McAdoo
Leslie McAdoo
Leslie McAdoo, Chartered
1140 19th St. NW, Suite 602
Washington, DC 20036
Bar # 456781
(202) 293 0534 telephone
(202) 318-3005 facsimile

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of December 2007, a copy of the foregoing Defendant's Memorandum in Aid of Sentencing was served electronically to:

        Jeffrey Pearlman
        Assistant United States Attorney
        555 4th St., NW
        Washington, DC 20530


        s/Leslie McAdoo
        Leslie McAdoo

 

# RECORD OF SWORN STATEMENT

UNITED STATES DEPARTMENT OF LABOR
OFFICE OF INSPECTOR GENERAL
OFFICE OF LABOR RACKETEERING & FRAUD INVESTIGATIONS

Office: WROLR&FI   File: 11-0901-0008-PC

City: Washington, D.C.   Date: 2/12/07

State:    Time: 1745

I, Jerry Jeffries, ACKNOWLEDGE THAT SPECIAL AGENT Edgardo Correa HAS IDENTIFIED HIMSELF TO ME AS AN OFFICER OF THE UNITED STATES DEPARTMENT OF LABOR, OFFICE OF INSPECTOR GENERAL, AUTHORIZED BY LAW TO ADMINISTER OATHS, AND TAKE TESTIMONY IN CONNECTION WITH AUTHORIZED CRIMINAL INVESTIGATIONS. HE HAS INFORMED ME THAT HE DESIRES TO TAKE MY SWORN STATEMENT REGARDING THE OFFENSE OF 18 U.S.C. § 1001 (False Statements), 18 U.S.C. § 641 (Embezzlement of Public money, property or records. MY STATEMENT IS BEING MADE FREELY AND VOLUNTARILY, AND WITHOUT ANY COERCION.

I, Jerry Jeffries, being duly sworn, depose and state: Some of the items in question of being mis-appropriated were done so, not maliciously. The computer items in question were to be thrown in the trash and were unusable at the time of possesion. I did some repair on the items or sold as is. Again, it was not done with the intention to fraud the government.

The metro cheks were sold on ebay. I was unaware that this was not permitted. I did not read the statement that I signed. I only sold the metro cheks to sustain my cost of gas to commute to and from work.

Statement of: Jerry Jeffries    Date: _____

Page 1 of 4

Q: What "Computer Items" d you sell on Ebay?

A: Sony Vaio
Acer Tablet
Toshiba Satellite 4090x DVD

Q: How did you remove the property from DOL?

A: The Toshiba - I asked my Director (Lee Jones) if I could take home. It was broken. He said yes.

The other 2 - Walked out the door, unconcealed. Wasn't try to hide anything because I didn't think it would matter.

Q: Did you know that taking government property was wrong?

A: Working property yes.
Broken property that was going to be trashed, no.

Q: ~~DOL Applicati~~ EC Did you sign a DOL Application for transit subsidy?

A: Yes, but I didn't read it. It was with all of the other paperwork that I signed being employed.
I did use the metrocheks for 3 years to subsidize the VRE. When the VRE took so long I began driving and using them to subsidize gas.

Q: Did you commute to DOL ~~and~~ EC During a period you were receiving Metro checks from DOL?

A: Yes. VRE.

Q: Did you sell the Metro checks on Ebay? If so, How many

A: Yes. Became employed with DOL in 2004. Took VRE until 2005 mid year. I have been selling them monthly to pay for gas.

Statement of: Jerry Jeffries    Date: _____

Page 2 of 4

?: What type of repair work did you perform on 4 DOL computer equipment?
*: Soldered wires on computers, swapped parts, most were sold broken.

?: Did anyone help you remove DOL computers from DOL?
*: No. I just carried them out, unconcealed.

?: Was anyone at DOL aware you were selling DOL computers or Metro checks on Ebay?
*: No.

?: Did you know that selling Metro checks you received from DOL was wrong?
*: No. After I read the statement that I hastingly signed, I now do. (DOL Transit Sub. Application)

?: How much money do you believe you have made selling Metro checks on ebay?
*: $700.00 approximately. The most I ever received for 1 set was 80.00. I sold 3 sets when I first start in June of 2006 for $239.00. They were worth $300.00.

?: Is there anything else you wish to add to this statement?
*: I apologize to the U.S. Government for doing this. I didn't think that it would cause any harm, or be financially stealing from the government. I thought the computer items would just be thrown in the dumpster because they were of no use to DOL anymore because they were broken. The metro checks was a mistake that I was just plain stupid and ignorant.

Statement of: Jerry Jeffries        Date: _____

Page 3 of 4

Jerry A. Jeffries

I HAVE READ (OR HAD READ TO ME) THE FOREGOING STATEMENT, CONSISTING, OF 4 PAGES. I HAVE BEEN GIVEN AN OPPORTUNITY TO REVIEW MY STATEMENT AND MAKE CORRECTIONS. THIS STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

_____
Deponent's Signature

Subscribed and sworn before:

Edgardo CORREA
_____
Special Agent

2/12/07
_____
Date

Witnessed by:
_____
Name

Special Agent in Charge-WRO
_____
Title

Page 4 of 4

**Office of Chief Financial Officer**
**National Office**

# TRANSIT SUBSIDY SYSTEM

Signature List (2.01)
8/26/1995 - 8/26/2005

September 2005

| Pick-up Name | Amount | Bonus | Appropriation Code | Special Check | Disabled | Senior Citizen | Request Signature | Pick-up Signature |
|---|---|---|---|---|---|---|---|---|
| HURR, TIM | 100.00 | N | 4330RWB | N | N | N | *signature* | *signature* |
| g, Christine STUDENT | 95.00 | N | 4300RWB | N | N | N | *signature* | *signature* |
| Jackson, Darnetta F | 100.00 | N | 4331RWB | N | N | N | *signature* | *signature* |
| James, Harold G | 100.00 | N | 4300RWB | N | N | N | *signature* | *signature* |
| Jeffries Jr, Jerry A | 100.00 | N | 4320QDB8 | N | N | N | *signature* | *signature* |
| JONES, BRENDA T. | 100.00 | N | 4331RWB | N | N | N | *signature* | *signature* |
| JONES, CYNTHIA A. | 100.00 | N | 4351qdb8 | N | N | N | *signature* | *signature* |
| Jones, Karen Maria | 100.00 | N | 4330RWB | N | N | N | *signature* | *signature* |
| Karczewski, Stanley C | 100.00 | N | 4351QDB8 | N | N | N | *signature* | *signature* |
| 'ON, CHRISTOPHER | 100.00 | N | 4331RWB | N | N | N | *signature* | *signature* |
| Kim, Anthony J | 100.00 | N | 4001RWA | N | N | N | *signature* | *signature* |
| LANGFORD, LATARSHA | 100.00 | N | 4300RWB | N | N | N | *signature* | *signature* |
| LI, LUKE STUDENT | 54.00 | N | 4330RWB | N | N | N | *signature* | *signature* |
| LIANG, GRACE H | 100.00 | N | 4015RWA | N | N | N | *signature* | *signature* |
| Loving, Latonya F | 100.00 | N | 4033RWA | N | N | N | *signature* | *signature* |
| Manrique, Herill STUDENT DEC 2005 | 100.00 | N | 4355QDB8 | N | N | N | *signature* | *signature* |
| Menchaca-Gendron, Flor Adriana | 100.00 | N | 4300RWB | N | N | N | *signature* | *signature* |
| PHY, IRIS | 100.00 | N | 4351QDB8 | N | N | N | *signature* | *signature* |

Page 174

October 2005
Office of Chief Financial Officer
National Office

**TRANSIT SUBSIDY SYSTEM**
Signature List (2.01)
9/27/1995 - 9/27/2005

| Pick-up Name | Amount | Bonus | Appropriation Code | Special Check | Disabled | Senior Citizen | Request Signature | Pick-up Signature |
|---|---|---|---|---|---|---|---|---|
| Jackson, Darnetta F | 100.00 | N | 4331RWB | N | N | N | x (signature) | (signature) |
| Jeffries Jr, Jerry A / Harold G | 100.00 | N | 4300RWB | N | N | N | x (signature) | (signature) |
| JONES, BRENDA T. | 100.00 | N | 4320QDB8 | N | N | N | x (signature) | (signature) |
| JONES, CYNTHIA A. | 100.00 | N | 4351qdb8 | N | N | N | x (signature) | (signature) |
| Jones, Karen Maria | 100.00 | N | 4330RWB | N | N | N | x (signature) | (signature) |
| Karczewski, Stanley C | 100.00 | N | 4351QDB8 | N | N | N | x (signature) | (signature) |
| KELTON, CHRISTOPHER | 100.00 | N | 4331RWB | N | N | N | x (signature) | (signature) |
| Kim, Anthony J | 100.00 | N | 4001RWA | N | N | N | x (signature) | (signature) |
| fORD, LATARSHA | 100.00 | N | 4300RWB | N | N | N | x (signature) | (signature) |
| LIANG, GRACE H | 100.00 | N | 4033RWA | N | N | N | x (signature) | (signature) |
| LO, CHEMS | 85.00 | N | 4330RWB | N | N | N | x (signature) | (signature) |
| Loving, Latonya F | 100.00 | N | 4355QDB8 | N | N | N | x (signature) | (signature) |
| Manrique, Herill STUDENT DEC 2005 | 100.00 | N | 4300RWB | N | N | N | x (signature) | (signature) |
| Menchaca-Gendron, Flor Adriana | 100.00 | N | 4300RWB | N | N | N | x (signature) | (signature) |
| MURPHY, IRIS | 100.00 | N | 4351QDB8 | N | N | N | x (signature) | (signature) |
| Petik, Russell A | 70.00 | N | 4300RWB | N | N | N | x (signature) | (signature) |
| PEDONE, KAREN L | 100.00 | N | 4351QDB8 | N | N | N | x (signature) | (signature) |

Page 170

# TRANSIT SUBSIDY SYSTEM

Signature List (2.01)
10/27/1995 - 10/27/2005

Month: November 2005
Agency: Office of Chief Financial Officer
Region: National Office

| Pick-up Name | Amount | Bonus | Appropriation Code | Special Check | Disabled | Senior Citizen | Request Signature | Pick-up Signature |
|---|---|---|---|---|---|---|---|---|
| JRR, TIM | 100.00 | N | 4330RWB | N | N | N | x | |
| Darnetta F | 100.00 | N | 4331RWB | N | N | N | x Ouuets | Jackrets Ouets Jucts |
| Jones, Harold G | 100.00 | N | 4300RWB | N | N | N | | |
| Jeries Jr, Jerry A | 100.00 | N | 4320ODB8 | N | N | N | | |
| JONES, BRENDA T. | 100.00 | N | 4351qdb8 | N | N | N | | |
| JONES, CYNTHIA A. | 100.00 | N | 4330RWB | N | N | N | | |
| Jones, Karen Maria | 100.00 | N | 4351ODB8 | N | N | N | | |
| arczewski, Stanley C | 100.00 | N | 4331RWB | N | N | N | | |
| ELTON, CHRISTOPHER | 100.00 | N | 4001RWA | N | N | N | | |
| thony J | 100.00 | N | 4300RWB | N | N | N | | |
| NGFORD, LATARSHA | 100.00 | N | 4330RWB | N | N | N | | |
| ANG, GRACE H | 100.00 | N | 4033RWA | N | N | N | | |
| O, CHEMS | 85.00 | N | 4330RWB | N | N | N | | |
| oving, Latonya F | 100.00 | N | 4355ODB8 | N | N | N | | |
| anrique, Herli STUDENT DEC 2005 | 100.00 | N | 4300RWB | N | N | N | | |
| Menchaca-Gendron, Flor Adriana | 100.00 | N | 4351ODB8 | N | N | N | | |
| MURPHY, IRIS | 100.00 | N | 4300RWB | N | N | N | | |
| Peck, Russell A | 70.00 | N | 4300RWB | N | N | N | | |

Page 172

**TRANSIT SUBSIDY SYSTEM**
Signature List (2.01)
12/23/1999 - 12/23/2005

Region: January 2006
Office of Chief Financial Officer
National Office

| Pick-up Name | Amount | Bonus | Appropriation Code | Special Check | Disabled | Senior Citizen | Request Signature | Pick-up Signature |
|---|---|---|---|---|---|---|---|---|
| FURR, TIM | 100.00 | N | 4330RWB | N | N | N | x (signature) | x (signature) |
| ...on, Darnetta F | 100.00 | N | 4331RWB | N | N | N | x (signature) | x (signature) |
| ..s, Harold G | 100.00 | N | 4300RWB | N | N | N | x (signature) | x (signature) |
| Jeffries Jr, Jerry A | 100.00 | N | 4320QDB8 | N | N | N | x (signature) | x (signature) |
| JONES, BRENDA T. | 100.00 | N | 4351qdb8 | N | N | N | x (signature) | x (signature) |
| JONES, CYNTHIA A. | 100.00 | N | 4330RWB | N | N | N | x (signature) | x (signature) |
| Jones, Karen Maria | 100.00 | N | 4351QDB8 | N | N | N | x (signature) | x (signature) |
| Karczewski, Stanley C | 100.00 | N | 4331RWB | N | N | N | x (signature) | x (signature) |
| KELTON, CHRISTOPHER | 100.00 | N | 4001RWA | N | N | N | x (signature) | x (signature) |
| ..., Anthony J | 100.00 | N | 4300RWB | N | N | N | x (signature) | x (signature) |
| LANGFORD, LATARSHA | 100.00 | N | 4330RWB | N | N | N | x (signature) | x (signature) |
| LIANG, GRACE H | 100.00 | N | 4033RWA | N | N | N | x (signature) | x (signature) |
| LO, CHEMS | 85.00 | N | 4330RWB | N | N | N | x (signature) | x (signature) |
| Loving, Latonya F | 100.00 | N | 4355QDB8 | N | N | N | x (signature) | x (signature) |
| Manrique, Herill STUDENT DEC 2005 | 100.00 | N | 4300RWB | N | N | N | x (signature) | x (signature) |
| Menchaca-Gendron, Flor Adriana | 100.00 | N | 4300RWB | N | N | N | x (signature) | x (signature) |
| McRPHY, IRIS | 100.00 | N | 4351QDB8 | N | N | N | x (signature) | x (signature) |
| Peck, Russell A | 70.00 | N | 4300RWB | N | N | N | x (signature) | x (signature) |

Page 175

**TRANSIT SUBSIDY SYSTEM**
Signature List (2.01)
1/26/1995 - 1/26/2006

Pick-up Month: February 2006
Agency: Office of Chief Financial Officer
Region: National Office

Page 175

| Pick-up Name | Amount | Bonus | Appropriation Code | Special Check | Disabled | Senior Citizen | Request Signature | Pick-up Signature |
|---|---|---|---|---|---|---|---|---|
| HURR, TIM | 100.00 | N | 4330RWB | N | N | N | | X (sig) |
| ...g, Christine | 25.00 | N | 4300RWB | N | N | N | | X (sig) |
| ...son, Darnetta F | 100.00 | N | 4331RWB | N | N | N | | X (sig) |
| James, Harold G | 100.00 | N | 4300RWB | N | N | N | | X (sig) |
| Jeffries Jr, Jerry A | 100.00 | N | 4320QDB8 | N | N | N | | X (sig) |
| JONES, BRENDA T. | 100.00 | N | 4351qdb8 | N | N | N | | X (sig) |
| JONES, CYNTHIA A. | 100.00 | N | 4330RWB | N | N | N | | X (sig) |
| Jones, Karen Maria | 100.00 | N | 4351QDB8 | N | N | N | | X (sig) |
| Karczewski, Stanley C | 100.00 | N | 4331RWB | N | N | N | | X (sig) |
| ..TON, CHRISTOPHER | 100.00 | N | 4001RWA | N | N | N | | X (sig) |
| LANGFORD, LATARSHA | 100.00 | N | 4330RWB | N | N | N | | X (sig) |
| LIANG, GRACE H | 100.00 | N | 4033RWA | N | N | N | | (sig) |
| Lo, CHEMS | 85.00 | N | 4330RWB | N | N | N | | X (sig) |
| Loving, Latonya F | 100.00 | N | 4355QDB8 | N | N | N | | X (sig) |
| Kim, Anthony J | 100.00 | N | 4300RWB | N | N | N | | X (sig) |
| Manrique, Henli STUDENT DEC 2005 | 100.00 | N | 4300RWB | N | N | N | | X (sig) |
| Msnchaca-Gendron, Flor Adriana | 100.00 | N | 4351QDB8 | N | N | N | | X (sig) |
| MURPHY, IRIS | | N | | N | N | N | | |